1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JANE SMITH NO. 1, et al.,                           No. C-06-07171 MMC

12            Plaintiffs,                        **ORDER DENYING PLAINTIFFS' MOTION
                                                 TO CERTIFY CLASS**
13      v.

14   CITY OF OAKLAND, et al.,

15            Defendants
                                                    /
16

17        Before the Court is plaintiffs' motion to certify the above-titled case as a class action,

18   pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendant City of Oakland

19   has filed opposition, in which defendant Richard Valerga has joined, and to which plaintiffs

20   have replied.  Having considered the papers filed in support of and in opposition to the

21   motion, the Court deems the matter suitable for decision on the papers, and rules as

22   follows.

23        1.  Plaintiffs' proposed class definition is not sufficiently "precise, objective, and

24   presently ascertainable."  See O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D.

25   Cal. 1998); Xiufang Situ v. Leavitt, 240 F.R.D. 551, 558 (declining to certify class defined in

26   terms of legal theory, because class membership could not be determined "without

27   reaching the merits of Plaintiffs' claims").  Further, it does not appear to the Court that a

28   meaningful definition meeting the above-referenced requirements can be crafted.  See

United States District Court

For the Northern District of California

1  Turner v. Murphy Oil USA, Inc., 234 F.R.D. 597, 611 (E.D. La. 2006) (recognizing Court's

2  discretion to limit or modify class definition).

3  　　　　2.  Assuming, arguendo, a meaningful class definition delineating membership by

4  objective facts could be determined, plaintiffs have failed to meet their burden of showing

5  any such class is "so numerous that joinder of all members is impracticable."  See Fed R.

6  Civ. P. 23(a).  Although every class member need not be identified in advance, plaintiffs

7  argument that any such class would consist of appreciably more individuals than the 16

8  plaintiffs named in the instant complaint is unsupported by anything other than "mere

9  speculation."  Cf. Kincaid v. City of Fresno, 244 F.R. D. 597, 601 (E.D. Cal. 2007) (holding

10  numerosity requirement met where only 23 plaintiffs identified by name but large potential

11  class "reasonably estimated" by reference to statistical evidence).  Nor do plaintiffs meet

12  the numerosity requirement by any alternative showing, see, e.g., Tietz v. Bowen, 695 F.

13  Supp. 441 (N.D. Cal. 1987) (certifying class consisting of 27 members where members

14  "geographically diverse" and "as retirees, [might] not have the means to bring individual

15  suits"), and plaintiffs' proffered generalizations as to potential class members' reluctance to

16  sue are insufficient to support an inference to that effect.

17  　　　　3.  Additionally, plaintiffs have failed to meet the requirements under Rule 23(b).

18  Certification under Rule 23(b)(2) is unavailable, as injunctive relief appears moot in light of

19  defendant Valerga's discharge from the Oakland Police Department and, in any event,

20  given the potential for a substantial award of individual damages, does not constitute

21  plaintiffs' primary claim for relief.  See Molski v. Gleich, 328 F.3d 937, 947 (9th Cir. 2003)

22  (holding where certification sought under Rule 23(b)(2), "claims for monetary damages

23  must be secondary to the primary claim for injunctive relief").  Nor have plaintiffs shown

24  certification under Rule 23(b)(3) is appropriate.  In particular, given the myriad and

25  individualized events potentially arising under plaintiffs' proposed or similar class definition,

26  plaintiffs have failed to show "questions of law or fact common to class members

27  predominate over any questions affecting only individual members."  See Fed. Rule Civ. P.

28  23(b)(3).  Similarly, given the need for such individualized showings, as well as the

1  potential for substantial damages coupled with the applicability of fee-shifting statutes,

2  plaintiffs have failed to show a class action is "superior to other available methods for fairly

3  and efficiently adjudicating the controversy."  See id.; see also Abby v. City of Detroit, 218

4  F.R.D. 544, 549 (E.D. Mich. 2003) (noting class action "must be superior to, and not just as

5  good as, other available methods for handling the controversy"; finding existence of

6  fee-shifting statute and individualized actions both "weigh against class certification")

7  (internal quotation and citation omitted).

8        Accordingly, plaintiffs' motion for class certification is hereby DENIED.

9        **IT IS SO ORDERED.**

10

11  Dated: June 16,  2008

MAXINE M. CHESNEY
United States District Judge

12

3